[S. F. No. 8383.  In Bank.—December 18, 1917.]

## C. M. WEILE, Petitioner, v. GEO. A. STURTEVANT, as Judge, etc., Respondent.

COSTS—REVERSAL OF JUDGMENT—STAYING RETRIAL UNTIL PAYMENT OF COSTS—JURISDICTION OF SUPERIOR COURT.—The superior court has jurisdiction and discretionary power to stay the retrial of a case, reversed on appeal and remanded for a retrial, until the costs of appeal have been paid, where retrial after reversal without payment of such costs would be oppressive and vexatious, but the discretion should be exercised cautiously.

APPLICATION for Writ of Mandate to the Superior Court of San Francisco.  Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Howard Harron, for Petitioner.

Andros & Hengstler, for Respondent.

LAWLOR, J.—This is a proceeding for a writ of *mandate.* J. M. Brown, Inc., a corporation, had recovered a judgment in the superior court in San Francisco against W. P. Fuller & Co.  Thereafter, on appeal, the judgment was reversed and a new trial ordered.  Subsequently J. M. Brown, Inc., having been adjudicated a bankrupt, the trustee sold the chose in action which the bankrupt had against W. P. Fuller & Co. to the petitioner, who then had the cause set for a retrial in the court below in the department presided over by the respondent.  Before the day set for the retrial W. P. Fuller & Co. filed its bill of costs on appeal and moved to stay all further proceedings in the cause until such costs be paid. This motion was granted by the respondent, who also denied petitioner's motion to vacate the order staying proceedings.

The purpose of this proceeding is to secure a writ compelling the respondent to proceed with the retrial of the cause.

Respondent's contention, in answer to the alternative writ issued in this case, is that it is one of the inherent powers of a court of general jurisdiction to stay proceedings upon a retrial until costs of appeal have been paid, the exercise of such power to be within the sound discretion of the trial court, reviewable only for abuse of such discretion. The circumstances surrounding the making of the order staying proceedings are not before us, and the petitioner does not claim that if the power contended for does exist its exercise was not justified under the facts in this case. Petitioner's right to a writ of mandate rests solely on the determination of the question whether, under any conceivable set of facts, the superior court, before which a case is pending for retrial after a judgment for the plaintiff has been reversed on appeal, has the power to stay such retrial until the costs of the appeal have been paid. If in any case such a stay can be ordered, if such power is vested in the superior court, then its exercise in this instance must be deemed proper. The subject here involved is a matter of first impression in this state. It is nowhere touched upon in the statutes or decisions. We must therefore look to the practice at common law. If the power to stay proceedings as contended for by respondent was inherent in courts at common law, such power would still be vested in the superior courts of this state. (Pol. Code, sec. 4468; *Burns* v. *Superior Court,* 140 Cal. 1, 4, [73 Pac. 597]; *Lukens* v. *Nye,* 156 Cal. 498, 508, [20 Ann. Cas. 158, 36 L. R. A. (N. S.) 244, 105 Pac. 593]; *Ex parte Karlson,* 160 Cal. 378, 382, [Ann. Cas. 1912D, 1334, 117 Pac. 447].) In the common-law courts of England it was the general practice to stay a second action in ejectment, one recovery not being *res adjudicata,* until the costs of the prior action had been paid. This was done "as a measure of just protection to the party who was thus subjected to repeated litigations over the same cause of action." (*Buckles* v. *Chicago, M. & St. P. Ry. Co.,* 47 Fed. 424. See, also, *Henderson* v. *Griffin,* 5 Pet. 151, 158, [8 L. Ed. 79]; 11 Cyc. 256.) In time the same practice was extended to all classes of cases where the second action was between the same parties and involved the same subject matter, the theory being that the court has inherent power to prevent a vexatious multiplica-

tion of suits.   The rule is stated and the reasons for it are
well summarized in *Gerety* v. *Reading,* 9 Phila. (Pa.) 153,
the court saying: "The practice of courts in staying pro-
ceedings in a second action for the same cause between the
same parties, where the plaintiff has failed in his first suit,
until he shall have paid the costs of that suit, is a very bene-
ficial one, and too well settled to admit of any doubt. It
is founded upon the necessary control which courts of jus-
tice have over their own proceedings, and their duty to pre-
vent them from being made the means of oppression and
vexation.   (3 Wilson, 149; 2 Wm. Bl. 741; 1 Tidd's Pr. 94;
2 T. R. 501, n.; Beames on Costs, 209.)   It is a practice
which, as has been well said, is convenient and just in all
the aspects in which it can be viewed.   Whatever may have
been its origin, it is not confined to actions of ejectment, but
applies equally to *all forms* of action.   Nor is it confined to
cases in which there has been a trial on the merits.   It is
applicable also to cases of nonsuits: *Nevitt* v. *Lade,* 3 Doug.
396; and to cases of discontinuances, *non pros.,* and judg-
ment on demurrer.   Neither will a slight variation in the
names of the parties make any difference: *Lampley* v. *Sands,*
1 Tidd's Pr. 539; or the fact that the first action was in an-
other court."

Upon the same theory it has been held that a similar power
exists in the case of a retrial following a reversal on appeal
where the costs of appeal have not been paid.   Such a stay
was ordered in *Jackson* v. *Schauber,* 4 Wend. (N. Y.) 216.
Other jurisdictions have also affirmed the discretionary power
of trial courts to stay a retrial until payment of costs on
appeal.   (*Clark* v. *Bay Circuit Judge,* 154 Mich. 483, [117
N. W. 1051]); *McIntosh* v. *Hoben,* 11 Wis. 400; *Felt* v. *Ami-
don,* 48 Wis. 66, [3 N. W. 825].)   In these cases the decision
was put upon the same grounds as those stated in *Gerety* v.
*Reading,* 9 Phila. (Pa.) 153, as grounds for staying a new
action for the same relief.   In only one state where the mat-
ter has been before the court for decision has the power here
contended for by respondent been denied.   In *Ex parte Mat-
thews,* 145 Ala. 505, [40 South. 78], relied upon by peti-
tioner, the court recognizes and sanctions the practice of stay-
ing a second action until costs of the first have been paid,
citing Alabama cases where this was done.   The opinion fur-
ther admits that "the main theory upon which the courts

exercise this right of staying the proceedings until the costs have been paid is founded upon the necessary control which courts have over their own proceedings, and their duty to prevent them being made the means of oppression and vexation," and that "the rule is well established that the proceedings in the second suit will be stayed until the costs in the prior case have been paid." But the court can "see no good reason for extending the rule of staying proceedings," on the ground that a retrial is not like a second action, and would not be oppressive or vexatious or encourage a multiplication of suits. In fact, however, there is no real difference between a second action and a retrial in this particular. Either case will depend on the circumstances. Many instances may be imagined where to proceed with the retrial after a reversal would be just as oppressive and vexatious as to bring a second action. If such hardship is apparent in such a case, then we have as strong reason for a stay of proceedings as could be advanced for the stay of proceedings in a second action for the same cause. This does not mean that such a stay must be had, or even may be had, in every case where the costs of appeal have not been paid. There must be facts showing oppression or hardship, although what such facts are must be determined in the particular case. Mere nonpayment of costs, not coupled with any other circumstances, would not be cause for a stay. (*Felt* v. *Amidon*, 48 Wis. 66, [3 N. W. 825].) The discretion vested in the court "should be exercised cautiously, *ex aequo et bono*, employing or declining the power as the right and justice of the particular case may seem to require." (*Buckles* v. *Chicago, M. & St. P. Ry. Co.*, 47 Fed. 424.) Thus properly guarded against abuse, the power to stay proceedings is a most useful one to prevent the hardship to which the unlimited right of suit sometimes leads.

As already stated, we have in the case at bar no facts before us from which the propriety of the respondent's order can be determined. It must, therefore, be assumed that the discretion was properly exercised.

The conclusion reached makes it unnecessary to pass upon the point that the petition is barred by laches.

The application for a writ of mandate is denied.

Shaw, J., Sloss, J., Henshaw, J., and Angellotti, C. J., concurred.