[L. A. No. 12827. In Bank.—October 30, 1931.]

THE FIRST NATIONAL BANK OF SAN PEDRO, Plaintiff and Appellant, v. CHARLES STANSBURY, Respondent; JOHN BALCH, Cross-Defendant and Appellant.

Goodspeed, Pendell & Neff and Goodspeed, Pendell & McGuire for Appellants.

Miller & Ellis, Kenton A. Miller and Herbert N. Ellis for Respondent.

PRESTON, J.—In an action entitled as above, a reversal of the judgment for respondent was had in the appellate court. (62 Cal. App. 336 [217 Pac. 91].) This reversal carried with it costs of appeal and thereafter on the third day of August, 1923, pursuant to the *remittitur* in that case, judgment for appellants was entered in the sum of $1242.55, which judgment became final and remained unsatisfied, except for a credit of $77.10 entered thereon on March 2, 1925.

A second trial of the principal cause was had, which resulted on August 10, 1927, in a judgment in favor of respondent Stansbury carrying only the affirmative item of $31.75 as costs. On October 4, 1927, these same appellants took an appeal from said judgment and said appeal is still pending and undetermined.

On October 13, 1927, appellants caused an *alias* writ of execution to be issued on the unsatisfied portion of said first judgment but directed the sheriff to credit the fund secured by him with the item of $31.75. Later and on October 25, 1927, an order was made directing these appel-

lants to show cause why they should not be enjoined from collecting said judgment of August 3, 1923, until said appeal taken by them from the judgment of August 10, 1927, should be determined. On November 1, 1927, pursuant to the order to show cause, the court made its order purporting to enjoin appellants from collecting said judgment upon respondent giving a bond in the sum of $2,000 to pay the parties enjoined such damages as they might sustain by reason of the making of said order but not requiring a bond to satisfy the judgment.

The appeal before us is taken from said order of November 1, 1927, and is a distinct proceeding from the appeal from the judgment in the main case. Notwithstanding the order purports to be in the nature of an injunction, it is in reality an attempt to stay the proceedings upon the former judgment for costs, pending the determination of the appeal from the later one on the merits. It will at once be seen that if the latter judgment is reversed on appeal, the respondent will owe all the judgment with the added costs of another appeal; if the judgment is affirmed the respondent will have at most only an offset for his costs on appeal and in the court below. The judgment for costs of appeal in the first case has long since become final and the judgment for costs in the second trial has not yet become final.

We perceive no grounds upon which to deny appellants the right to realize upon their judgment. Oftentimes the trial court refuses to proceed with a second trial until the costs of the appeal from a former judgment have been paid. (*Weile* v. *Sturtevant*, 176 Cal. 767 [169 Pac. 685]; 15 C. J., p. 308, sec. 759.) There is no interdependence between the judgment for costs of the former appeal and any judgment which may subsequently be entered in the main case.

The order is reversed with instructions to dismiss the proceeding.

Seawell, J., Curtis, J., Langdon, J., Richards, J., and Waste, C. J., concurred.

SHENK, J., Dissenting.—I dissent. I am unable to agree with the reasoning or conclusion of the main opinion wherein

the power of the trial court to control the issuance of process in the action before it, is denied. It is well settled that courts have power temporarily to stay execution on judgments rendered by them whenever it is necessary to accomplish the ends of justice. (*United States* v. *McLemore*, 45 U. S. (4 How.) 286 [11 L. Ed. 977]; 23 Cor. Jur., pp. 521, 522.) The judgment, execution on which was stayed by the trial court herein, is a judgment of that court when entered after the going down of the *remittitur*. (See *Granger* v. *Sheriff*, 140 Cal. 195 [73 Pac. 816]; *Fischer* v. *Lukens*, 41 Cal. App. 358 [182 Pac. 967].) Furthermore it is a judgment for costs in the very action pending and determined (by reason of the reversal) at the time the stay of execution was ordered. The respondent on the second appeal (who is also respondent herein), which appeal is now pending and undetermined, has compensating claims against the appellant herein, who is also the appellant in the main appeal. If the judgment on that appeal is affirmed the respondent will be entitled to a judgment for costs which may and should be offset against the judgment for costs which the appellant herein is seeking to enforce. If the judgment on the main appeal is reversed, the respondent herein may again urge his claim for an additional credit of over $6,000 against the appellant, which claim the respondent has expressed a willingness to forego, in order to end this protracted litigation. In any event the trial court will be called upon to adjust compensating claims and offsets between the parties before the litigation is terminated. Under these circumstances I see no abuse of discretion in the order of the trial court in staying the hand of one party to an action before it and thus prevent him from harassing the other party with the process of the court prior to a final determination of the action in which the cross-demands are being asserted.