[Civ. No. 1884. Fourth Appellate District.—September 21, 1938.]

PETE B. SUPERA, Respondent, v. MORELAND SALES CORPORATION (a Corporation) et al., Defendants; MORELAND MOTOR TRUCK COMPANY, Appellant.

Richard J. O. Culver and Felix H. McGinnis for Appellant.

Kelso, Berryman, Grua & Counts and Maury H. Sanborn for Respondent.

MARKS, J.—This is an appeal from an order refusing to tax plaintiff's costs on appeal at nothing, or to order the clerk to withhold execution on a judgment for costs on appeal, and from the judgment taxing costs.

The costs involved here were those of plaintiff in a former appeal in this case, *Supera* v. *Moreland Sales Corp. et al.*, 13 Cal. App. (2d) 186 [56 Pac. (2d) 595], in which a judgment in favor of defendants was reversed. The sole question involved is whether or not those costs were discharged under an order of the United States District Court in which the petition of the Moreland Motor Truck Company for reorganization under the provisions of section 77B of the Bankruptcy Act (Title 11, U. S. C. A., p. 1057) was granted and the debts of the corporation were discharged.

The dates of the filings in this court and the United States court are material. Our docket of the first appeal shows the following filings: January 15, 1935, filed clerk's and reporter's transcripts on appeal, $10 filing fee paid. April 15, 1935, filed appellant's (plaintiff's) opening brief. June 28, 1935, filed respondent's brief. August 16, 1935, filed appellant's reply brief. January 14, 1936, ordered submitted. April 9, 1936, judgment reversed. April 28, 1936, filed petition for rehearing. May 7, 1936, rehearing denied. June 9, 1936, *remittitur* issued.

The cost bill in question showed taxable costs against defendants in the sum of $227.50. The motion before us for review was denied on October 20, 1936.

The record shows the dates of the following proceedings in the federal court: May 2, 1935, filed petition for reorganization under section 77B of the Bankruptcy Act. May 27, 1935, day fixed for presenting claims. (Supera claim not presented.) July 12, 1935, order confirming plan of reorganization and naming those entitled to participate therein. (Supera not named.) October 18, 1935, order discharging Moreland Motor Truck Company of its debts and liabilities.

It should be observed that the question of the discharge of Supera's original claim or cause of action is not

involved here and will not be considered, although that question is discussed at considerable length in the briefs. The only question before us is the effect of the order of discharge of the federal court made on October 18, 1935, on the costs on appeal which accrued on June 9, 1936, and were thereafter taxed in the superior court.

Subdivision (b) of section 77B of the Bankruptcy Act (U. S. C. A., p. 1060) contains the following:

"The term 'creditors' shall include for all purposes of this section and of the reorganization plan, its acceptance and confirmation, all holders of claims of whatever character against the debtor or its property, including claims under executory contracts, whether or not such claims would otherwise constitute provable claims under this title. The term 'claims' includes debts, securities, other than stock, liens, or other interests of whatever character."

In subdivision (h) of the same act (11 U. S. C. A., p. 1067) the following appears:

"Upon the termination of the proceedings a final decree shall be entered discharging the trustee or trustees, if any, making such provisions as may be equitable, by way of injunction or otherwise, and closing the case. Such final decree shall discharge the debtor from its debts and liabilities, and shall terminate and end all rights and interests of its stockholders, except as provided in the plan or as may be reserved as aforesaid."

The right of the federal court to stay proceedings by or against the corporation in state courts cannot be doubted. (Subd. (c), sec. 77B, Bankruptcy Act; U. S. C. A., p. 1063.) Although the appeal in this court was pending before, during and after the pendency of the proceedings in the federal court, it was not stayed. As far as we are now able to determine from an examination of the record on the first appeal, we received no suggestion of the pendency of the proceedings in the United States court.

Section 1034 of the Code of Civil Procedure provides as follows:

"The prevailing party on appeal shall be entitled to his costs excepting when judgment is modified or proceedings had pursuant to the provisions of sections 956a or 988i, of this code, and in that event the matter of costs is within the

discretion of the appellate court. The party entitled to costs, or to whom costs are awarded, may recover all amounts actually paid out by him in connection with said appeal, and the preparation of the record for the appeal, including the costs of printing briefs, and the production of additional evidence; provided, however, that no amount shall be allowed as costs of printing briefs in excess of one hundred dollars to any one party. The appellate court may reduce costs in case of the insertion of unnecessary matter in the record.

"Whenever costs are awarded to a party by an appellate court, if he claims such costs, he must, within thirty days after the *remittitur* is filed with the clerk below, serve upon the adverse party and file with such clerk a memorandum of his costs, verified as prescribed by the preceding section. The party dissatisfied with the costs claimed may move to have the same taxed in the same manner and within a like time after service of a copy of the bill of costs, as prescribed by the preceding section. After such costs have been taxed, or the time for taxing the same has expired, execution may issue therefor as upon a judgment."

Rule XXIII, Rules for the Supreme Court and District Courts of appeal provides as follows:

"In all cases in which the judgment or order appealed from is reversed or modified, and the order of reversal or modification contains no directions as to the costs of appeal, the clerk will enter upon the record, and insert in the *remittitur*, a judgment that the appellant recover the costs of appeal. In all cases in which the judgment or order appealed from is affirmed, the clerk will enter upon the record, and insert in the *remittitur*, a judgment that the respondent recover the costs of appeal."

In *First Nat. Bank* v. *Stansbury*, 214 Cal. 190 [5 Pac. (2d) 11], the question of the right of a successful appellant to have execution to collect his costs of appeal before the case was finally decided by final judgment on the merits was before the Supreme Court. It was there said:

"We perceive no grounds upon which to deny appellants the right to realize upon their judgment. Oftentimes the trial court refuses to proceed with a second trial until the costs of the appeal from a former judgment have been paid. (*Weile* v. *Sturtevant*, 176 Cal. 767 [169 Pac. 685]; 15 C. J.,

p. 308, sec. 759.) There is no interdependence between the judgment for costs of the former appeal and any judgment which may subsequently be entered in the main case."

It would therefore seem that a judgment for costs of appeal is separate from and independent of the final judgment in the case. It is a complete judgment in itself that finds its origin in the order of an appellate or the Supreme Court affirming or reversing a judgment of a lower court. The right to such judgment comes into being when the order of the reviewing court becomes final. The judgment itself is created when the successful party files his cost bill and his costs are taxed. Prior to the judgment of reversal there is no right to a judgment nor even a claim or demand that might in itself ripen into a judgment. There is merely a hope or expectancy on the part of each party to an appeal that his cause may be found legally sufficient; that judgment on appeal may be rendered in his favor; that, therefore, he may be entitled to judgment for his costs on appeal.

The word "claim" is thus defined in *Prigg* v. *Commonwealth*, 16 Pet. 539, at 615 [10 L. Ed. 1060, at 1089]:

"What is a claim? It is, in a just judicial sense, a demand of some matter as of right made by one person upon another, to do or to forbear to do some act or thing as a matter of duty. A more limited, but at the same time an equally expressive definition was given by Lord Dyer, as cited in *Stowel* v. *Zouch*, 1 Plowden, 359; and it is equally applicable to the present case; that 'a claim is a challenge by a man of the propriety or ownership of a thing, which he has not in possession, but which is wrongfully detained from him'."

It is also defined in *Uintah State Bank* v. *Ajax*, 77 Utah, 455 [297 Pac. 434], as follows:

" 'The word is derived from the Latin clamor, meaning a call, a demand. In its ordinary sense the term imports the assertion, demand or challenge of something as a right; the assertion of a liability to the party making it to do some service or pay a sum of money. . . . ' 11 C. J. 816 (claim)."

In *Mellus* v. *Potter*, 91 Cal. App. 700 [267 Pac. 563], it is said:

" 'Claim' in its primary meaning, is used to indicate the assertion of an *existing right*. In its secondary meaning it may be used to indicate the right itself. (*Appeal of Beach*,

76 Conn. 118 [55 Atl. 596, 599].) '' (See, also, *Golden* v. *Golden*, 155 Okl. 10 [8 Pac. (2d) 42] ; *Vulcan Iron Works* v. *Edwards*, 27 Or. 563 [36 Pac. 22, 39 Pac. 403] ; *Radichel* v. *Federal Security Co.*, 170 Minn. 92 [212 N. W. 171].)

It is our conclusion that the judgment for costs on appeal does not come within the meaning of the word ''claims'' as used in the portion of the Bankruptcy Act already quoted. It did not have any existence at all for over a year after the proceedings were instituted and for almost eight months after those proceedings were terminated. Bankruptcy proceedings have never been held to be a discharge of such subsequent debts.

The judgment and order appealed from are affirmed.

Barnard, P. J., concurred.