[No. A052540. First Dist., Div. Four. Feb. 27, 1992.]

PRASAD NIMMAGADDA et al., Plaintiffs and Respondents, v.
ANNAPOORNA KRISHNAMURTHY et al., Defendants and Appellants.

COUNSEL

Annapoorna Krishnamurthy and Srinivasan Krishnamurthy, in pro. per., for Defendants and Appellants.

Dillingham, Murphy, Matthews & Dahlberg and J. Michael Matthews for Plaintiffs and Respondents.

OPINION

POCHÉ, J.—The question presented is whether, following affirmance of an order for a limited new trial, an order which in effect fixes the amount of attorney fees incurred by the parties prevailing on the appeal but which makes the actual award and recovery of those fees contingent on future events, is, in the absence of those contingencies, appealable. We hold that the order is not appealable.

## BACKGROUND

The acrimonious breakup of their partnership with defendants motivated plaintiffs to commence an action seeking various forms of legal and equitable relief. Trial of plaintiffs' complaint and defendants' cross-complaint

resulted in a jury returning substantial damage verdicts for plaintiffs. The trial court thereafter accepted plaintiffs' argument that the damages awarded were inadequate, and granted their motion for a partial new trial on the sole issue of damages. We affirmed the new trial order, specifying that plaintiffs "shall recover their costs of appeal." (*Nimmagadda* v. *Krishnamurthy* (June 8, 1990) A042747 [nonpub. opn.].)

Upon the filing of our remittitur in the trial court, plaintiffs noticed a "Motion To Recover Attorneys Fees As Costs On Appeal." Based on an attorney fees provision in the parties' partnership agreement, plaintiffs requested an award of slightly more than $22,000. Defendants opposed the motion, claiming that such an award would be premature "until final disposition of the entire litigation" produced a clear determination as to who were the prevailing parties.

The trial court conducted a hearing on the motions and subsequently issued a written order which embodied its rulings, the relevant portions of which read: "Plaintiffs' motion for attorneys fees on appeal is granted. Plaintiffs may have $22,085.00 as attorneys fees on appeal. [¶] . . . Plaintiffs may make no effort to collect these fees . . . until entry of final judgment in the case. [¶] Plaintiffs will have to elect between their contract remedy, which would allow them recovery of attorneys' fees, but not punitive damages, and their tort remedy, which would allow no attorneys' fees but recovery of punitive damages, prior to entry of final judgment." Defendants filed a notice of appeal from the order "granting Plaintiffs' motion to recover attorneys fees as costs on appeal."

REVIEW

■ The question is whether the order is one to which the appellate jurisdiction of this court properly extends. That jurisdiction is entirely the creature of statute, and if it has not been granted by the Legislature we have no option but to dismiss a purported appeal which lacks such sanction. (E.g., *Lund* v. *Superior Court* (1964) 61 Cal.2d 698, 709 [39 Cal.Rptr. 891, 394 P.2d 707]; *In re Marriage of Loya* (1987) 189 Cal.App.3d 1636, 1638 [235 Cal.Rptr. 198]; *Kinoshita* v. *Horio* (1986) 186 Cal.App.3d 959, 962 [231 Cal.Rptr. 241].) ■ The general statute allowing appeals from civil judgments (Code Civ. Proc., § 904.1, subd. (a))[1] also permits an appeal "[f]rom an order made after a judgment" *if* that antecedent judgment is itself

---

[1]Code of Civil Procedure section 904.1 provides in pertinent part: "An appeal may be taken from a superior court in the following cases: [¶] (a) From a judgment, except . . . an interlocutory judgment, other than as provided in subdivisions (h) and (i) [which deal with redemption and partition actions] . . . ."

appealable. (Code Civ. Proc., § 904.1, subd. (b); see *Olson* v. *Cory* (1983) 35 Cal.3d 390, 399 [197 Cal.Rptr. 843, 673 P.2d 720].) Orders involving costs or attorney fees are usually accepted as encompassed within this category. (See *Norman I. Krug Real Estate Investments, Inc.* v. *Praszker* (1990) 220 Cal.App.3d 35, 46 [269 Cal.Rptr. 228] and authorities cited.) We cannot agree with defendants' earnest arguments that the trial court's order should be given like treatment.

Here, there is obviously no judgment representing (in defendants' words) a "final disposition of the entire litigation." The order does not meet the statutory definition of a judgment as "the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., § 577.) There is, however, authority to the effect that an award of costs on appeal qualifies as a judgment complete in itself, wholly independent of a final judgment in the underlying litigation from whence it sprang. (See *Stockton Theatres, Inc.* v. *Palermo* (1961) 55 Cal.2d 439, 443 [11 Cal.Rptr. 580, 360 P.2d 76]; *Bank of Idaho* v. *Pine Avenue Associates* (1982) 137 Cal.App.3d 5, 13 [186 Cal.Rptr. 695]; Cal. Rules of Court, rule 26(d); 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 681, p. 654.)

Witkin states that an award of costs on appeal " 'is a complete judgment in itself that finds its origin in the order of an appellate or the Supreme Court affirming or reversing a judgment of a lower court. The right to such judgment comes into being when the order of the reviewing court becomes final. The judgment itself is created when the successful party files his cost bill and his costs are taxed.' " (9 Witkin, *op. cit. supra*, Appeal, § 681, at p. 654 [citing and quoting *Supera* v. *Moreland Sales Corp.* (1938) 28 Cal.App.2d 517, 521 (82 P.2d 963)].) Our earlier directive that plaintiffs recover their costs on defendants' appeal from the new trial order did not itself constitute a judgment for those costs. Only when the trial court had made a final determination of the amount of those costs would that judgment come into being.

If the order is thus deemed to constitute a judgment, it is subject to the principle that it "should be governed by the law applicable to judgments generally." (*Stockton Theatres, Inc.* v. *Palermo, supra*, 55 Cal.2d 439 at p. 443; see *Erlich* v. *Superior Court* (1965) 63 Cal.2d 551, 555 [47 Cal.Rptr. 473, 407 P.2d 649] ["there appears to be no reason to treat a judgment for costs on appeal differently from other judgments"].) It is therefore required to satisfy the final judgment rule (see generally, 9 Witkin, *op. cit. supra,*

Appeal, § 43, pp. 66-67; Comment, *The One Final Judgment Rule—A Fundamental Principle of Appellate Practice in California* (1963) 15 Hastings L.J. 93) that it be dispositive and also constitute the trial court's last word on the subject embraced therein, with " 'no issue . . . left for future consideration except the fact of compliance or noncompliance.' " (*Olson v. Cory, supra*, 35 Cal.3d 390 at p. 399 [citing and quoting *Lyon v. Goss* (1942) 19 Cal.2d 659, 670 (123 P.2d 11)].)

The order cannot meet this test. The net effect of the order is that plaintiffs may recover attorney fees subject to at least three conditions: (1) the limited retrial must be completed (2) plaintiffs must elect to proceed on "their contract remedy," and (3) a final judgment (presumably in plaintiffs' favor) must be entered. If these contingencies do in fact occur, it can be assumed that the de facto stay incorporated in the order/judgment would be lifted, and plaintiffs would likely receive a single award for attorney fees incurred at all stages of trial, appeal, and retrial. Only when all of these events come to pass will plaintiffs' present expectation of recovering attorney fees for the appeal mature into an entitlement. With so much " 'left for future consideration' " (*Olson v. Cory, supra*, 35 Cal.3d 390 at p. 399), the order/judgment is interlocutory in nature. Not being among the limited classes of interlocutory judgments from which an appeal is authorized (see Code Civ. Proc., § 904.1, subd. (a), quoted at fn. 1, *ante*), it presently lacks the finality otherwise required for appellate review of judgments.[2]

The same circumstances, viewed from a different perspective, reveal a separate and independent ground for dismissal. Should plaintiffs elect to proceed in tort at the retrial, the stayed award of attorney fees might end up being utterly irrelevant, and nothing said or done by this court could have the least impact upon the parties. The element of possible mootness to the parties' controversy means that defendants at this time have no "rights or interests . . . injuriously affected by the order in an immediate, pecuniary and substantial manner." (*In re Marriage of Justice* (1984) 157 Cal.App.3d 82, 86, fn. 4 [204 Cal.Rptr. 6].) Accordingly, defendants are not at present aggrieved by the order and therefore are not entitled to maintain this appeal. (See Code Civ. Proc., § 902; *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737 [97 Cal.Rptr. 385, 488 P.2d 953]; *Winter v. Gnaizda* (1979) 90 Cal.App.3d 750, 754 [152 Cal.Rptr. 700].)

---

[2]Even if defendants were correct in their contention that the appeal is properly taken from an order after judgment, the order *qua* order would likewise lack the requisite finality for review. (See *Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 119 [199 P.2d 668]; *Lubetzky v. Friedman* (1991) 228 Cal.App.3d 35, 45 [278 Cal.Rptr. 706].)

The purported appeal is dismissed. The parties shall bear their respective costs of appeal.

Anderson, P. J., and Perley, J., concurred.

A petition for a rehearing was denied March 19, 1992, and appellants' petition for review by the Supreme Court was denied June 24, 1992. Mosk, J., was of the opinion that the petition should be granted.