Filed 7/13/21  American Rag Cie v. Haralambus CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| AMERICAN RAG CIE, LLC,<br><br>    Plaintiff and Respondent.<br><br>v.<br><br>HARRY HARALAMBUS,<br><br>    Defendant and Appellant. | B304350<br><br>(Los Angeles County<br>Super. Ct. No. BC426342) |

APPEAL from an order of the Superior Court of the County of Los Angeles, Edward B. Moreton, Jr., Judge.  Affirmed.

Harry Haralambus, in pro. per., for Defendant and Appellant.

Russ, August & Kabat and Nathan D. Meyer for Plaintiff and Respondent.

* * * * * * * *

There have been numerous lawsuits, enforcement actions, and appeals between Harry Haralambus, Laura LaRocca, and other individuals and their affiliated entities, arising from their business dealings.[1]  In this case, Ms. LaRocca assigned a judgment against Mr. Haralambus to respondent American Rag Cie, LLC.  This appeal is from an order denying Mr. Haralambus's request for a protective order to prevent the taking of a judgment debtor's examination requested by American Rag in its efforts to enforce that assigned judgment.  Mr. Haralambus argues the trial court abused its discretion, arguing that American Rag owed him money from a judgment in another case, and that pending litigation in yet another case may have an impact on sums owed between the parties.  We find Mr. Haralambus's inadequate briefing has waived his right to appellate review, and there is no merit to his arguments, so we affirm.

## BACKGROUND

We will not delve too deeply into the disputes between these parties, except as is relevant to the narrow issues presented by this appeal.

In this case, Ms. LaRocca obtained a judgment of $1,214,757.95 against Mr. Haralambus, plus costs and interest, which has been affirmed on appeal.  (*LaRocca v. LMR Partners, Inc., supra*, B271298.)

---

[1]     See, e.g., *American Rag Cie, LLC v. Haralambus* (Feb. 27, 2015, B246285) [nonpub. opn.]; *LaRocca v. Haralambus* (June 16, 2016, B257686) [nonpub. opn.]; *American Rag Cie, LLC v. Haralambus* (Aug. 15, 2017, B275231) [nonpub. opn.]; *LaRocca v. LMR Partners, Inc.* (Feb. 23, 2018, B271298) [nonpub. opn.]; *LaRocca v. Haralambus* (July 29, 2020, B298435) [nonpub. opn.].

2

In case No. LC093192, Mr. Haralambus obtained a judgment of $119,310.91 against Ms. LaRocca, plus costs and interest (the offset case). (Ms. LaRocca prevailed in that action, but following a partial reversal on appeal, she was required to return $119,310.91 she had recovered enforcing the judgment against Mr. Haralambus while the appeal was pending.) (See *LaRocca v. Haralambus*, *supra,* B257686.)

Ms. LaRocca and Mr. Haralambus entered into a stipulation regarding the payment of these two judgments. The stipulation provided Mr. Haralambus with an incentive to quickly pay the judgment against him. If he paid $1 million with $500,000 due at the signing of the stipulation, and the remaining $500,000 due within 120 days of signing, then Ms. LaRocca would file a satisfaction of judgment and release any liens securing the judgment. Mr. Haralambus also agreed to file a satisfaction of the judgment against Ms. LaRocca and release any liens. If full payment was not received in accordance with the stipulation, then the stipulation would be rendered void.

American Rag owed Mr. Haralambus money under a judgment in yet another case, BC446588 (the royalty case). In that case, Mr. Haralambus obtained declaratory relief interpreting a contract between the parties, finding that American Rag was to pay Mr. Haralambus certain royalties going forward, and a money judgment of $279,850.42 for past royalties due under the parties' agreement. American Rag appealed and posted a bond, but did not prevail on appeal. (A*merican Rag Cie, LLC v. Haralambus*, *supra,* B246285.) Following remittitur, the surety on the appellate bond paid the entirety of the money judgment in the royalty case, plus interest, to Mr. Haralambus.

3

But Mr. Haralambus only entered a partial satisfaction of judgment for the money portion of the judgment in the royalty case. Apparently, the parties disputed their continuing obligations under the declaratory relief portion of the judgment, and American Rag had not paid Mr. Haralambus postjudgment royalties. American Rag and the surety moved to exonerate the bond on the grounds that "the money [portion of the] judgment was fully satisfied," which was granted by the court.

In case No. 18STCV05291 (the settlement enforcement case), Mr. Haralambus sued Ms. LaRocca, American Rag, and others, seeking to enforce the stipulation with Ms. LaRocca, and seeking declaratory relief and damages from American Rag. According to the complaint, Ms. LaRocca breached the stipulation because she placed a lien on Mr. Haralambus's assets, which prevented him from paying her in accordance with the stipulation. Moreover, American Rag refused to pay Mr. Haralambus amounts owing under the declaratory relief portion of the judgment in the royalty case.

In yet another case, BC605627, which is apparently still pending in the superior court, Mr. Haralambus sued American Rag, and other individuals and entities, claiming breach of contract, among other claims (the breach of contract case). Mr. Haralambus alleged that the individual defendants were attempting to oust him from his interest in American Rag (in which he has a partnership interest) by decreasing its net income and conversion for failure to pay certain dividends to Mr. Haralambus.

While the settlement enforcement case was pending, Ms. LaRocca successfully sought to offset the judgment against her from her judgment against Mr. Haralambus. The

4

postjudgment offset order was affirmed on appeal. (*LaRocca v. Haralambus, supra,* B298435.)

Ms. LaRocca then assigned the judgment to respondent, American Rag. At the time of the assignment, the judgment was worth approximately $1.45 million, after the offset and costs and interest. American Rag sought an order for Mr. Haralambus to appear for a judgment debtor examination in its efforts to enforce the assigned judgment.

Mr. Haralambus filed the motion for a protective order which is at issue in this appeal, arguing that money owed to him by American Rag under the declaratory relief portion of the judgment in the royalty case, as well as sums allegedly owed him in other litigation, would satisfy the judgment American Rag sought to enforce by way of the debtor's examination, rendering the examination moot.

American Rag opposed the motion, arguing that Mr. Haralambus had not adduced evidence that he was owed damages likely to exceed the judgment American Rag was seeking to enforce. According to the opposition, the then value of American Rag's assigned judgment was approximately $1.3 million. (At the time of the motion, the judgment had been partially satisfied.)

The parties agreed the motion would be considered at a nonappearance case review hearing. At that hearing, where no parties were present, the court considered the motion in chambers, and took it under submission. The trial court later issued its ruling denying the motion "for the reasons set forth in the opposition papers." Mr. Haralambus timely appealed. While his appeal was pending, he voluntarily dismissed the pending

settlement enforcement action against Ms. LaRocca and American Rag.

## DISCUSSION

Mr. Haralambus argues the trial court abused its discretion when it denied his motion for a protective order. He argues "[t]he trial court failed to properly review the relevant facts surrounding the Motion. There was no oral argument, no evidentiary hearing on the facts, and no reasoning provided by the trial court on how it had adjudged the facts and made its decision."

American Rag contends Mr. Haralambus has not provided a fair accounting of the facts below, and therefore has waived appellate review of the trial court's order. We agree. The parties agreed the motion would be decided without a hearing. The court denied the motion based on the evidence and arguments submitted by American Rag in opposition to the motion. Mr. Haralambus did not discuss at all American Rag's opposition to his motion for a protective order, on which the trial court rested its decision to deny the motion. Mr. Haralambus provided a one-sided recitation of facts that failed to adequately discuss the underlying proceedings, and only discussed the evidence (or in some instances, mere allegations) that were favorable to him. Therefore, he has waived appellate review. (Cal. Rules of Court, rule 8.204(a)(2)(C) [an appellant must discuss all significant facts in its brief]; *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; *County of Solano v. Vallejo Redevelopment Agency* (1999) 75 Cal.App.4th 1262, 1274.)

Mr. Haralambus also discussed additional facts in his reply brief, as well as additional grounds for reversal not

6

raised in his opening brief. We will not consider matters raised for the first time in a reply brief. (*REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500; *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 766.)

In any event, the appeal fails on its merits. The purpose of a judgment debtor examination is to "furnish information to aid in enforcement of the money judgment." (Code Civ. Proc., § 708.110, subd. (a).) "In any proceeding under this article, the court may, on motion of the person to be examined or on its own motion, make such protective orders as justice may require." (§ 708.200.) We review an order denying a request for a protective order for abuse of discretion. (*People ex rel. Harris v. Sarpas* (2014) 225 Cal.App.4th 1539, 1552 [discovery orders are reviewed for abuse of discretion].)

"The mere fact that a judgment debtor asserts a claim against the creditor . . . does not of itself mean that he is entitled to enjoin collection of the judgment, and the trial court has broad discretion in determining whether to grant the stay or enjoin collection of the judgment. . . . [¶] In determining whether to enjoin collection of the judgment pending decision of the validity of the disputed claim, the court should consider the likelihood that the judgment debtor will recover upon his claim, the probability and comparative amount of recovery, and the ability of the judgment creditor to respond should a judgment be rendered against him in the action on the disputed claim." (*Erlich v. Superior Court of Los Angeles County* (1965) 63 Cal.2d 551, 556, citation omitted.)

The record makes clear that any sums owed by American Rag arising from the declaratory relief judgment in the royalty case remain in dispute and have not been reduced to a

7

monetary judgment that might offset the final judgment that American Rag seeks to enforce. Mr. Haralambus has not demonstrated any plausible reason why the pending breach of contract case provides a basis for a protective order to prevent American Rag from conducting a judgment debtor exam.

**DISPOSITION**

The order is affirmed. Respondent is awarded its costs on appeal.

GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.

OHTA, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8