312 P.2d 779

Fern H. PALMQUIST, Plaintiff and Appellant,

v.

Lowell G. PALMQUIST, Defendant and Respondent.

No. 8493.

Supreme Court of Utah.

June 21, 1957.

------

White, Arnovitz & Smith, Salt Lake City, for appellant.

Clifford L. Ashton, Donald E. Schwinn, Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

Plaintiff appeals from that portion of a judgment entered below whereby stay of execution on said judgment was entered, such stay being conditioned upon the commencement by the defendant of an action for damages on an alleged cause of action for withholding certain title papers to a horse.

On December 10, 1954, a decree of divorce was entered in favor of the plaintiff and against the defendant. The decree, among other things, ordered the defendant to pay to the plaintiff the sum of $1,320, $600 of which was to be paid immediately, and the balance of $720 to be paid on or before June 1, 1955. Defendant paid the sum of $600 in accordance with the decree, and thereafter paid $400 to apply on the balance of $720, leaving unpaid the sum of $320.

On November 28, 1955, the plaintiff petitioned the court to enter a judgment for the balance of $320 and to order the defendant to show cause why he should not pay such sum or be held in contempt of court. This petition came on for hearing on the 12th day of January, 1956, and the court, pursuant to the hearing, entered judgment in favor of the plaintiff for the sum of $320 plus interest, costs and attorney's fees. However, the judgment also provided that execution should not issue on such judgment until the expiration of 10 days after its entry, to give the defendant opportunity to commence plenary action against plaintiff for damages on an alleged cause of action for withholding certain title papers on a horse. We assume, although the record does not so show, that an action was commenced within the period allowed; we also assume that no disposition has been made of such action in view of the fact that the matter of the stay of execution is before us on appeal. It should be observed that no reference was made in the divorce decree to the horse or the title papers thereto. Delivery of the papers by appellant upon payment of the balance due her was an entirely independent transaction between the parties.

A principal contention of the appellant is that the court below erred in staying

296

execution on the judgment for the reason that no statutory or equitable grounds were shown to invoke the court's discretion so to do. We are constrained to agree with her. Rule 62(a), Utah Rules of Civil Procedure, reads:

"Execution or other proceedings to enforce a judgment may issue immediately upon the entry of the judgment, unless the court in its discretion and on such conditions for the security of the adverse party as are proper, otherwise directs."

Rule 62(b) sets forth the circumstances under which a stay of execution may be granted. None of such circumstances are present in this case. We shall assume, however, that equitable grounds for granting a stay of execution may be invoked. See 33 C.J.S. Executions § 139, page 313. We find none such in this case. The defendant asserted that he had an unliquidated claim for damages for withholding of title papers to the horse. Nothing further was shown. That he would be in any way irreparably injured were execution to issue, that the defendant was insolvent, was about to depart from the jurisdiction of the court, or any other ground except the bare assertion of an unliquidated claim does not appear.

Equitable relief from the enforcement of a judgment is not granted on the ground that the parties have cross demands, merely, but rather that some injustice would result were execution not stayed. See Foote v. Clark, 102 Mo. 394, 14 S.W. 981, 11 L.R.A. 861. No such showing was here made. Consequently that portion of the judgment below whereby execution was stayed is set aside and the case remanded. Costs to appellant.

CROCKETT, WADE, WORTHEN, and HENRIOD, JJ., concur.