[Civ. No. 16282. Fourth Dist., Div. One. Sept. 20, 1978.]

AIRFLOOR COMPANY OF CALIFORNIA, INC., Plaintiff and Respondent, v.
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, Defendant and Appellant.

**COUNSEL**

Donald L. Reidhaar, George L. Marchand, Allen B. Wagner and Patrick K. Moore for Defendant and Appellant.

Dryden, Harrington & Swartz and Dale B. Goldfarb for Plaintiff and Respondent.

## OPINION

WELSH, J.*—This case requires we decide whether certain affirmative defenses may be raised in response to a petition to confirm an arbitration award (Code Civ. Proc., § 1285 et seq.).[1]

By agreement, a dispute between petitioner, Airfloor Company of California, Inc. (Airfloor), and the Regents of the University of California (Regents) was submitted to arbitration. The board of arbitration, composed of executives of the University of California, awarded Airfloor $99,852.19 for extra work performed in the construction of facilities at the San Diego campus of the university. Airfloor petitioned the superior court to confirm the award. In response, Regents did not contest the award but claimed entitlement to set off an alleged debt, not subject to arbitration, in the sum of $418,137.87.[2] The debt is denied by Airfloor and it is the subject of litigation currently pending in the Superior Court for Alameda County. Regents further contend Airfloor does not have legal capacity to sue because it did not comply with the Contractors License Law (Bus. & Prof. Code, § 7031; *Franklin* v. *Nat. C. Goldstone Agency*, 33 Cal.2d 628 [204 P.2d 37]).

We agree with the trial court. ■ Litigation of a nonarbitrable debt is beyond the scope of this special proceeding. The evidence supports the conclusion Airfloor substantially complied with the Contractors License Law (*Latipac, Inc.* v. *Superior Court,* 64 Cal.2d 278 [49 Cal.Rptr. 676, 411 P.2d 564]).

### THE AFFIRMATIVE DEFENSES

■ The policy of the law which provides for the enforcement of arbitration agreements is to enable persons to resolve disputes through a tribunal of their choosing and avoid the expense and delay incident to court proceedings (*McRae* v. *Superior Court,* 221 Cal.App.2d 166, 171 [34 Cal.Rptr. 346, 98 A.L.R.2d 1239]). ■ Hearings to confirm an arbitration award are "special proceedings" as contrasted with "actions." (§§ 22 and 23.) Special proceedings are creatures of statute and the court's

---

*Assigned by the Chairperson of the Judicial Council.

[1]All citations to code sections are to the Code of Civil Procedure unless otherwise noted.

[2]The debt arose out of a different but related contract.

jurisdiction in such proceedings is limited by statutory authority (*Woods-Drury, Inc.* v. *Superior Court,* 18 Cal.App.2d 340, 344 [63 P.2d 1184]). The legislation that provides for the enforcement of arbitration awards gives priority to such proceedings (§ 1291.2), narrowly limits the issues (§ 1286.2), and provides for the presenting of evidence in a summary way, i.e., by declarations (§ 1290.2). These provisions reflect the legislative intent to free such hearings from delays incident to ordinary court trials.

The response to a petition for confirmation "may request the court to *dismiss* the petition or to *confirm, correct* or *vacate* the award" (§ 1285.2; italics added). An award shall be confirmed unless the court corrects, vacates or dismisses the proceedings (§ 1286). ▪ The record provides no basis to correct or dismiss the proceedings (§§ 1286.2, 1287.2). Regents do not contend otherwise. They seek to vacate the award, admittedly correct, because of their "counter-claim," neither tried nor triable by arbitration.

"The sole grounds for vacating an arbitration award are those set forth in Code of Civil Procedure, section 1286.2 . . . . These grounds are:

" '(a) The award was procured by corruption, fraud or other undue means;

" '(b) There was corruption in any of the arbitrators;

" '(c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator;

" '(d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or

" '(e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title.' " (*Canadian Indem. Co.* v. *Ohm,* 271 Cal.App.2d 703, 707 [76 Cal.Rptr. 902].) Regents' setoff fits into none of these categories.

The totality of the legislative scheme is inconsistent with the use of this forum to resolve nonarbitrable disputes. The provisions for compulsory cross-complaints do not apply to special proceedings and permissive cross-complaints are only allowed where the cross-complaint responds to a complaint or another cross-complaint (not a petition) (§§ 426.60, 428.10). A setoff can be alleged where "an action [not a special proceeding] is . . . commenced" (§ 431.70).

Regents contend that unless all claims and "counter-claims" between the parties are resolved in one forum, Regents will be forced to pay nearly $100,000 to an impecunious Airfloor who will be unable to respond to the judgment they expect to get in Alameda County. This plea is without merit. Regents had the option to move to abate the confirmation hearings pending determination of the Alameda County litigation. It did not do so. If that litigation were resolved in their favor, Regents could then set off the judgment in the confirmation proceedings with the judgment in the action at law (*Haskins* v. *Jordan,* 123 Cal. 157 [55 P. 786]; *Layne* v. *Superior Court,* 121 Cal.App. 206 [8 P.2d 895]). Even now, upon remand, Regents can move the trial court to stay execution until the superior court case has been decided (*Erlich* v. *Superior Court,* 63 Cal.2d 551, 555-556 [47 Cal.Rptr. 473, 407 P.2d 649]).

## LEGAL CAPACITY TO SUE

■ We next consider the defense of noncompliance with the Contractors License Law. The statute provides that no person acting as a contractor may maintain an "action in any court" to collect compensation for such work if he did not have a required license "at all times during the performance of such" work (Bus. & Prof. Code, § 7031). This defense is available in proceedings to confirm arbitration awards. It is an issue under section 1286.2, subdivision (d), because an award to a contractor without a license would be in excess of the arbitrator's powers (*Loving & Evans* v. *Blick,* 33 Cal.2d 603, 609-610 [204 P.2d 23]).[3]

Airfloor obtained a contractor's license on February 19, 1970, and signed the construction contract on August 25, 1970. Work was performed

---

[3]Regents cite *Loving & Evans* v. *Blick* in support of their contention that affirmative defenses available in "actions" are also available in confirmation proceedings. The case is not authority for this proposition. The defense of setoff cannot be categorized within the five issues permitted by section 1286.2.

on the project through July 30, 1971, but the license expired June 30, one month earlier. Application to renew the license was not signed by the proper individual and the check to the licensing authority was not honored because of insufficient funds in the drawee bank. Thus there was not literal compliance with Business and Professions Code section 7031.

■ Strict observance of the statute is not required if "the facts clearly indicate that the contractor has 'substantially' complied with the statute and that such compliance has afforded to the obligor [Regents] the protection contemplated by the statute" (*Latipac, Inc.* v. *Superior Court, supra,* 64 Cal.2d 278, 281). "Substantial" compliance is found if "the policy of the licensing statute has been effectively realized" (*id.,* at p. 287). This policy is directed toward protecting the public from incompetent and untrustworthy artisans (*Vitek, Inc.* v. *Alvarado Ice Palace, Inc.,* 34 Cal.App.3d 586, 594 [110 Cal.Rptr. 86]). Courts have looked for various factual elements in applying this doctrine but no rigid formula can be devised to measure the facts of each case against the standard (*Latipac, supra,* at p. 281).

We have examined the evidence and find the following: Airfloor was licensed when the contract was executed and remained licensed for the entire time it performed the contract except for the last month. Application for license renewal, though defective, was made before the license expired. The Contractors' License Board notified Airfloor that if it resubmitted a proper application, a license would issue. The arbitration board that awarded Airfloor nearly $100,000 for extra labor and materials was composed of executives of the University of California, reflecting the obligor's satisfaction with the quality of the work performed. This evidence fully supports the trial court's finding of substantial compliance with Business and Professions Code section 7031.

■ Regents claim the court erred in refusing to set aside the submission and reopen the cause for further evidence on this subject. The trial court's discretion in such matters will not be reversed unless there is a clear showing of abuse of discretion (*De Angeles* v. *Roos Bros., Inc.,* 244 Cal.App.2d 434, 440-441 [52 Cal.Rptr. 783]). A prerequisite to the granting of such a motion is a showing that the evidence sought to be introduced was not available or known to the moving party during the trial (*Malibou Lake Mountain Club, Ltd.* v. *Robertson,* 219 Cal.App.2d

181, 185 [33 Cal.Rptr. 74]). No such showing was made in the instant case. There was no abuse of discretion.

Judgment affirmed.

Brown (Gerald), P. J., and Wiener, J., concurred.

A petition for a rehearing was denied October 11, 1978, and appellant's petition for a hearing by the Supreme Court was denied November 15, 1978.