[Civ. No. 18907. Fourth Dist., Div. One. Oct. 16, 1979.]

AIRFLOOR COMPANY OF CALIFORNIA, INC.,
Plaintiff and Respondent, v.
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,
Defendant and Appellant.

740

**COUNSEL**

Donald L. Reidhaar, George L. Marchand, Allen B. Wagner and Christine Helwick for Defendant and Appellant.

Getz, Aikens & Manning and George E. Leaver for Plaintiff and Respondent.

**OPINION**

**WIENER, J.**—We have seen this case before. In *Airfloor Co. of California, Inc.* v. *Regents of University of California* (1978) 84 Cal.App.3d 1004 [149 Cal.Rptr. 130], we held litigation of nonarbitrable debts exceeded the scope of the proceeding to confirm the arbitration award.

However, concerned with the inequity to the university if it were unable to offset Airfloor's $100,000 judgment against any judgment obtained by it against Airfloor in another action pending between the parties, we invited the university upon remand to move the trial court to stay execution. (*Airfloor, supra,* at p. 1009.) Taking our advice at face value, it proceeded accordingly—unsuccessfully. It appeals from the denial of the motion. ■ We conclude the court abused its discretion and accordingly reverse with instructions to the trial court to grant the motion.

■ A court has the power to stay execution of a judgment where the judgment debtor has another action pending on a disputed claim against the judgment creditor. (*Erlich* v. *Superior Court* (1965) 63 Cal.2d 551 [47 Cal.Rptr. 473, 407 P.2d 649].) The rationale for this rule is based on equitable principles for to hold otherwise unfairly deprives the judgment debtor of not only his right of set-off, but with an impecunious creditor, the right to receive any recovery whatsoever. (*Id.,* at p. 555.) In exercising its discretion, the court must consider the likelihood of the judgment debtor prevailing in the other action and the financial ability of the judgment creditor to satisfy a judgment on the disputed claim if such should be rendered.

■ The only evidence at the hearing was through declarations filed by respective counsel. Based on that evidence Airfloor is insolvent. In September 1971 it had not paid $150,000 of accounts payable; the IRS had levied on it for $78,000 in back taxes; and its unaudited financial statement of December 31, 1971, showed a net deficit of approximately $521,000. We also note that on May 13, 1971, Airfloor assigned all money due from its contract with the university to Community Bank; on July 22, 1976, the judgment was assigned.

The more difficult problem involves the outcome of the action on the university's claim now pending in the Alameda County Superior Court. If the action is frivolous, the judgment creditor's assignee is unfairly deprived of the funds until that case is concluded. If, on the other hand, it is meritorious and there is a reasonable likelihood the university will prevail, it is equally unjust to require the university to pay the judgment.

The principle argument asserted by Airfloor relates to the university's delay in the Alameda action. It contends the university, aware of the alleged breach of contract in October 1971, waited for more than four and one-half years to file its complaint. Even after filing the action, the

university has proceeded casually, waiting for more than two years and eight months to pursue discovery with the at-issue memorandum having been filed only as recently as January 1979. It urges as a matter of equity the court should not assist those who sleep on their rights—equity frowns upon stale demands. (Civ. Code, § 3527; *Latta* v. *Western Inv. Co.* (9th Cir. 1949) 173 F.2d 99.)

When we examine these contentions in light of the Alameda case, we note Airfloor has yet to file a motion to dismiss in that proceeding for failure to proceed diligently (Code Civ. Proc., § 583, subd. (a)), and its demurrer based upon the statute of limitations was overruled more than three years ago. Although not determinative, a court exercising discretion to stay execution must take judicial notice of the other action and give proper weight to the decisions of that court. Here, the court failed to give proper deference to the status of the Alameda case for, although the university may not have moved with dispatch, it has proceeded according to law. It should not now be penalized in another forum for alleged procedural deficiencies which either have not been raised in the other action or which were decided in its favor.

Moreover, we question the diligence of Community Bank. At no time did the bank, in its own name, assert its claim against the university. It permitted the arbitration award, rendered September 14, 1973, to remain dormant for almost two years.

Obviously, a court in hearing a motion to stay execution cannot decide the other pending action on its merits. The best that can be done is a reasonable effort to evaluate the respective arguments of the parties in light of the evidence presented at the hearing. The university established at the hearing it had a contract with Airfloor for approximately $9 million. Airfloor was to design, develop, supply, install and guarantee a structure ceiling component for as many as eight student residence hall projects which were to be built by the university between June 1, 1970, and December 31, 1973, at different campus locations. The university's advance of approximately $450,000 for the development phase of the project was to be recouped from Airfloor through a 5 percent discount on the price of components purchased for each residence hall thereafter. Airfloor's master contract was terminated in May 1972 because the university had not received assurance of Airfloor's ability to perform. Airfloor was told of the university's position as early as October 1973, but it did not object until August 1975. The university seeks reimbursement

for its advance, less the money due under the judgment. On the limited uncontroverted evidence presented to the court, the university's action has substantial merit.

Denial of the motion results in an outright loss to the university of $100,000. Granting the motion has no present economic impact on Airfloor; Community Bank continues to earn interest on the collectable judgment. To permit a windfall to the bank solely because the litigation between the parties has proceeded at a different pace is manifestly unfair. Accordingly, we conclude the court abused its discretion in denying the motion to stay execution.

The order denying the motion is reversed. The court is instructed to grant the motion to stay execution.

Brown (Gerald), P. J., and Cologne, J., concurred.