[Nos. C016656 and C016816. Third Dist. Jan. 4, 1995.]

VILLINGER/NICHOLLS DEVELOPMENT COMPANY, Plaintiff and Appellant, v.
KENNETH MELEYCO et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and IIA of the Discussion.

322

## COUNSEL

Kroloff, Belcher, Smart, Perry & Christopherson and Lesley D. Holland for Plaintiff and Appellant.

Eisen & Johnston, Marian M. Johnston, Karen Leaf and Ann Perrin Farina for Defendants and Appellants.

## OPINION

**MORRISON, J.**—A dispute between the owners and the contractor over a remodeling contract was submitted to binding arbitration, resulting in an award of $30,713.35 to the contractor, Villinger/Nicholls Development Company (VNDC). The owners, Kenneth and Ann Meleyco, appeal from the judgment entered after the superior court confirmed the award. (Code of Civ. Proc., § 1286.) The Meleycos contend the arbitrator exceeded his power in awarding damages to VNDC because VNDC never filed a proper counter-claim. VNDC appeals from an order denying its motion for attorney fees, contending it is entitled to attorney fees for the arbitration, the petition to confirm the award, and on appeal. Pursuant to the parties' stipulation, we ordered the two appeals consolidated. In the published portion of this opinion, we determine a proceeding to confirm an arbitration award does not constitute an action within the meaning of Civil Code section 3176. In the unpublished portion, we reject the Meleycos' challenge to the arbitration award and VNDC's request for attorney fees incurred in the arbitration. We shall affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In April 1992, the Meleycos entered into an $81,050 contract with VNDC for an addition to and remodel of their house. The contract provided: "All claims or disputes between the Contractor and the Owner arising out [of] or

relating to the Contract, or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise and subject to an initial presentation of the claim or dispute to the Architect as required under Paragraph 10.5. . . . The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof. . . . The agreement herein among the parties to the Agreement and any other written agreement to arbitrate referred to herein shall be specifically enforceable under applicable law in any court having jurisdiction thereof."

A dispute arose between the Meleycos and VNDC. On August 25, 1992, VNDC wrote the Meleycos, offering to settle the dispute for $36,014. It claimed this sum represented all items of completed work, less payments received, plus estimated attorney fees, costs, and contract interest. VNDC provided a detailed breakdown of the settlement demand.

The next day, VNDC sent a bonded stop notice to the construction lender. (Civ. Code, § 3083.) The notice stated $60,014 had been furnished in labor, materials, equipment, and services; payments of $34,900 had been made, leaving a balance of $25,114. VNDC asked the lender to withhold funds sufficient to cover this amount.

On September 3, the Meleycos filed a demand for arbitration, seeking $50,000. The nature of the dispute was described as "breach of contract, breach of the covenant of good faith and fair dealing, fraud, rescission, intentional infliction of emotional distress, attorneys fees, loss of use."

The American Arbitration Association (AAA) wrote the parties on September 9, accepting the demand for arbitration. The AAA directed VNDC's attention to section 6 of the Construction Industry Arbitration Rules regarding initiation of a claim and filing a counterclaim.[1] The AAA advised, "If affirmative monetary relief is sought by Respondent in the form of a

---

[1]Section 6 of the Construction Industry Arbitration Rules provides in part: "A respondent may file an answering statement in duplicate with the AAA within ten days after notice from the AAA, in which event the respondent shall at the same time send a copy of the answering statement to the claimant. If a counterclaim is asserted, it shall contain a statement setting forth the nature of the counterclaim, the amount involved, if any, and the remedy sought. If a counterclaim is made, the appropriate fee provided in the schedule on page 23 shall be forwarded to the AAA with the answering statement. If no answering statement is filed within the stated time, it will be treated as a denial of the claim. Failure to file an answering statement shall not operate to delay the arbitration."

Section 8 of these rules, entitled "Changes of Claim," provides: "After filing of a claim, if either party desires to make any new or different claim or counterclaim, it shall be made in writing and filed with the AAA, and a copy shall be mailed to the other party, who shall have

counterclaim, then the amount of relief sought should be disclosed upon filing of such claim or counterclaim, and must be disclosed no later than 30 days prior to the scheduled hearing date."

The arbitration hearing began on November 23. On that day VNDC requested leave to make a claim. Over the Meleycos' objection, the claim was allowed. VNDC provided a revised settlement demand breakdown, totaling $28,803.96. The arbitration was conducted November 23 and 24, and December 23.

The arbitrator issued his award in January 1993, awarding VNDC $30,713.35. VNDC was ordered to pay $50 to the AAA for expenses and fees. Both parties were ordered to pay $117.60 for the arbitrator's expenses and compensation. The award stated: "This award is in full settlement of all claims submitted to this arbitration."

VNDC petitioned the superior court to confirm the award. (Code Civ. Proc., § 1285.) In their response, the Meleycos requested that the court vacate the award (*Id.*, § 1285.2), on the ground the arbitrator exceeded his powers and the award cannot be corrected without affecting the merits of the decision (*id.*, § 1286.2, subd. (d)).

The superior court granted the petition. (Code Civ. Proc., § 1286.) Judgment was entered, awarding VNDC $30,713.35, prejudgment interest of $1,262.19, and costs, including attorney fees. (*Id.*, § 1287.4.)

VNDC submitted a memorandum of costs (Code Civ. Proc., § 1293.2), including $3,068.50 in attorney fees, and moved for attorney fees as the prevailing party. This motion was denied.

The amended judgment awarded VNDC filing and motion fees of $196, but no attorney fees.

DISCUSSION

I*

. . . . . . . . . . . . . . . . . . . . . . . . . .

a period of ten days from the date of such mailing within which to file an answer with the AAA. After the arbitrator is appointed, however, no new or different claim may be submitted except with the arbitrator's consent."

*See footnote, *ante*, page 321.

## II

The claim VNDC submitted on the first day of the arbitration hearings included a claim for attorney fees. After the arbitration hearings were completed, VNDC sent the arbitrator a letter concerning attorney fees, enclosing a prebill for attorney fees in the amount of $15,012.56. The arbitration award was a lump sum; the arbitrator did not indicate whether it included attorney fees.

In petitioning to confirm the arbitration award, VNDC requested costs, "including reasonable attorney's fees, necessarily incurred in connection with this petition."

The superior court initially ruled VNDC was entitled to reasonable attorney fees necessarily incurred in connection with the petition. However, it then denied VNDC's motion for attorney fees as prevailing party. The court amended the judgment to exclude the award of attorney fees.

 VNDC contends the superior court erred in denying its motion for attorney fees. It contends it is entitled to all attorney fees incurred in the arbitration, both before and after the award.

### A*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### B

In the superior court, VNDC did request attorney fees incurred in confirming the award. "Awards of attorney's fees by courts are the exception rather than the rule. Generally, a court may properly award attorney's fees only pursuant to an agreement of the parties or statutory authority." (*Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 634 [150 Cal.Rptr. 461, 586 P.2d 942].)

 Here the contract did not contain an attorney fees provision. Instead, VNDC based its request for attorney fees upon Civil Code section 3176, which provides in part: "In any action against an owner or construction lender to enforce payment of a claim stated in a bonded stop notice, the prevailing party shall be entitled to collect from the party held liable by the court for payment of the claim, reasonable attorney's fees in addition to other costs and in addition to any liability for damages."

---

*See footnote, *ante*, page 321.

The bonded stop notice stated a claim for labor, materials, equipment and services furnished in the construction project on the Meleycos' residence. VNDC's claim in the arbitration proceedings was the same.[3] Thus, in seeking to confirm the arbitration award, VNDC sought to enforce payment of the claim stated in the stop notice. The question is whether the petition to confirm an arbitration award is an "action" as that term is used in Civil Code section 3176.

The Meleycos contend there was no action on the claim stated in the stop notice. They argue that by choosing to proceed solely by arbitration, VNDC relinquished any claim under Civil Code section 3176 for attorney fees. They argue the arbitration was not an "action" within the meaning of Civil Code section 3176 because it was not a "proceeding in a court of justice." (Code Civ. Proc., § 22.)[4]

Since we have concluded VNDC cannot recover attorney fees incurred during the arbitration, we focus solely on the petition to confirm the award, which did occur in a court of justice. In petitioning the superior court to confirm the arbitration award, VNDC sought a judicial remedy. Judicial remedies are divided into two classes: actions and special proceedings. (Code Civ. Proc., § 21.)[5] "Hearings to confirm an arbitration award are 'special proceedings' as contrasted with 'actions.' ([Code Civ. Proc.,] §§ 22 and 23.)" (*Airfloor Co. of California, Inc.* v. *Regents of University of California* (1978) 84 Cal.App.3d 1004, 1007 [149 Cal.Rptr. 130].) If this statutory definition applies, VNDC is not entitled to attorney fees under Civil Code section 3176.

It has been held that this statutory definition is not always conclusive in determining if a proceeding constitutes an action under another statute. In *Baker* v. *Sadick* (1984) 162 Cal.App.3d 618 [208 Cal.Rptr. 676], a party argued an arbitration award in a medical malpractice case could not include punitive damages because Civil Code section 3294 authorizing punitive damages applied only to an "action" and an arbitration proceeding was not

---

[3]The Meleycos make much of the fact that the amount in the original settlement demand was $36,014, while the amount stated in the stop notice filed the next day was only $25,114. They contend this substantial difference calls into question the validity of either. However, this difference is easily explained. A $10,900 roof payment was made on August 26, the day the stop notice was filed.

[4]Code of Civil Procedure section 22 defines action as: "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

[5]A "special proceeding" is defined as: "Every other remedy is a special proceeding." (Code Civ. Proc., § 23.)

an action. The reviewing court rejected this argument on public policy grounds. The court noted arbitration was a substitute for court proceedings and the policy of encouraging arbitration would not be advanced by denying a claim in arbitration that could be advanced in a court action. (162 Cal.App.3d at p. 628.) The policy reason perceived by the *Baker* court for expanding the scope of an action is not persuasive where the only issue involved is attorney fees. Arbitration remains an attractive substitute to court proceedings even if, absent the parties' agreement, attorney fees incurred in confirming the award are not recoverable.

Where a contract provides for attorney fees to the prevailing party in a suit or action brought upon the contract, the provision has been held applicable to attorney fees incurred in arbitration proceedings. "It has been established that a contract provision for recovery of attorneys fees if a party is required to 'bring suit' is broad enough to include fees arising in arbitration proceedings." (*Tate* v. *Saratoga Savings & Loan Assn.* (1989) 216 Cal.App.3d 843, 856-857 [265 Cal.Rptr. 440].) In *Tate*, a contract provision providing for attorney fees in " 'an action at law or in equity' " was held to apply to fees incurred in arbitration proceedings. (*Ibid.*) Similar contract provisions have permitted recovery of attorney fees incurred in confirming the arbitration award. (*Stermer* v. *Modiano Constr. Co.* (1975) 44 Cal.App.3d 264, 272-273 [118 Cal.Rptr. 309]; *San Luis Obispo Bay Properties, Inc.* v. *Pacific Gas & Elec. Co.* (1972) 28 Cal.App.3d 556, 571 [104 Cal.Rptr. 733].) The rationale for the broad interpretation in these cases is to give meaning to the parties' intentions in agreeing to an attorney fees clause. Where the contract requires arbitration to settle disputes and provides attorney fees for the prevailing party, limiting attorney fees to those incurred in traditional court actions would render the clause meaningless. (*Tate* v. *Saratoga Savings & Loan Assn.*, at p. 857; *Taranow* v. *Brokstein* (1982) 135 Cal.App.3d 662, 667-668 [185 Cal.Rptr. 532].)

A statute is not a contract and thus no such consideration requires a broad reading of the term "action" in Civil Code section 3176. Arbitration proceedings are not the mandatory method of dispute resolution in all construction contracts. The Legislature need not have intended an "action" to include arbitration proceedings or special proceedings to confirm or vacate awards to give the attorney fees provision in Civil Code section 3176 meaning. The statutes governing arbitration do not require an award of attorney fees to the prevailing party. Rather, each party bears his own fees unless the parties agree otherwise. Code of Civil Procedure section 1284.2 provides: "Unless the arbitration agreement otherwise provides or the parties to the arbitration otherwise agree, each party to the arbitration shall pay his pro rata share of

expenses and fees of the neutral arbitrator . . . not including counsel fees . . . or other expenses incurred by a party for his own benefit." Absent evidence of the Legislature's intent to award attorney fees to the prevailing party in an arbitration or special proceeding to confirm the arbitration award arising from the same claim as stated in a bonded stop notice, we decline to interpret "action" as used in Civil Code section 3176 broadly to include special proceedings.

■ Lastly, VNDC contends it is entitled to attorney fees incurred in this appeal. Where a contract or a statute creates a right for the prevailing party to recover attorney fees, the prevailing party is also entitled to attorney fees on appeal. (*Palmer* v. *Agee* (1978) 87 Cal.App.3d 377, 387-388 [150 Cal.Rptr. 841].) Since VNDC has failed to establish its right to attorney fees in the superior court under either contract or statute, it has no right to attorney fees on appeal.

The judgment is affirmed. The parties shall bear their own costs on appeal.

Puglia, P. J., and Davis, J., concurred.