**Filed**
Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM

**DAVID WAATHDAD; KINASIRO K. ALBERT; RENSPER ALPET; IASINDA R. ALPET; SINO ANIS; FLORENZO H. ATAN; THANKYOU ERAM; ROSENTA IFRAIM; SMITHER D. EZRA; SILIHNER G. FRED; MARGARET L. FANOWAY; MARTINA FINE JOSEPH, Individually and as the Special Administrator of the Estate of Rainis Rangi, Deceased; PAUL KARGON; MARTINA RUEMAU; DARIA KOSAM; JOHN LIGMAW; MARIA T. LIGMAW; MARSALA D. MARTIN; SONTAG H. MARTIN; T'NEL MORI; LYNN OTWII aka "LYNN OTIWII"; TAKASHI C. UNTUN; MARTIN RAYMOND; INOCENTA RAYMOND; ALEX H. RUBEN; FELISA B. RUBEN; KEROPIM SHAREP; TOMININA TAKEIOSHY; JENNIFER D. TOPACIO; GERRY L. TOPACIO; DIVINA VAIAU; STANLEY YANFAG; and ROSEMARY YANFAG,**
Plaintiffs-Appellants,

**v.**

**CYFRED, LTD.,**
Defendant-Appellee.

Supreme Court Case No.: CVA23-012
Superior Court Case No.: CV0735-18

## OPINION

## Cite as: 2024 Guam 6

Appeal from the Superior Court of Guam
Submitted Without Argument
Hagåtña, Guam

**E-Received**
12/5/2024 10:35:04 AM

Appearing for Plaintiffs-Appellants:
Wayson W.S. Wong, *Esq.*
Law Offices of Wayson Wong, APC
2550 E. Manoa Rd.
Honolulu, HI 96822

Appearing for Defendant-Appellee:
Curtis C. Van de Veld, *Esq.*
The Vandeveld Law Office P.C.
Gill & Perez Historic House
123 Hernan Cortes Ave.
Hagåtña, GU 96910

BEFORE: ROBERT J. TORRES, Chief Justice; F. PHILIP CARBULLIDO, Associate Justice; and KATHERINE A. MARAMAN, Associate Justice.

**PER CURIAM:**

**[1]**     Plaintiffs-Appellants, who are homeowners in the Gill-Baza Subdivision ("Homeowners"), appeal the trial court's denial of their application to stay execution of a judgment against them. The issue on appeal is whether the trial court has the inherent equitable authority to grant a stay like the one requested, even though Rule 62 of the Guam Rules of Civil Procedure ("GRCP") does not provide for it. We find that although the Superior Court has the inherent equitable authority to grant a stay of execution, it has no authority to do so in cases like this, where the relief requested is based on a pending case with non-mutual parties. We affirm the trial court's order denying a stay of execution, and we order the Homeowners to pay Defendant-Appellee Cyfred, Ltd.'s reasonable and necessary appellate attorney's fees, in an amount determined by the Superior Court upon remand, as well as court costs.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

**[2]**     This appeal stems from years of protracted litigation between various homeowners and Cyfred, Ltd. ("Cyfred") over Cyfred's failure to install sewer lines on lots sold to the Homeowners in the Gill-Baza Subdivision.[1]  As part of a settlement agreement reached in prior litigation, the Homeowners each acquired promissory notes from Cyfred for additional lots that required them to pay Cyfred each year. Although the Homeowners initially made annual payments, they eventually decided not to render payment and to instead set off payment with fees they believed they were owed in separate litigation with Cyfred. After failing to receive payment, Cyfred

---

[1] *See, e.g.*, *United Pac. Islanders' Corp. v. Cyfred, Ltd.*, 2017 Guam 6; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Cyfred, Ltd.*, 2015 Guam 7; *Sananap v. Cyfred, Ltd.*, 2011 Guam 22; *Sananap v. Cyfred, Ltd.*, 2011 Guam 21; *Yanfag v. Cyfred, Ltd.*, 2009 Guam 16; *Abalos v. Cyfred, Ltd.*, 2009 Guam 14; *Sananap v. Cyfred, Ltd.*, 2009 Guam 13; *Sananap v. Cyfred, Ltd.*, 2008 Guam 10; *Abalos v. Cyfred, Ltd.*, 2006 Guam 7.

completed several non-judicial foreclosures on some of the Homeowners' properties, as allowed under the settlement agreement. The Homeowners sued Cyfred and requested an injunction to enjoin it from conducting further non-judicial foreclosures.

[3]      The trial court found for Cyfred and entered judgment, along with attorney's fees and costs, against the Homeowners. However, the court deferred determining Cyfred's total attorney's fees while the Homeowners' appeal of the judgment was pending. This court later affirmed the judgment and all related orders. *Waathdad v. Cyfred, Ltd.*, 2021 Guam 24 ¶ 42. The trial court then turned to attorney's fees. Cyfred requested attorney's fees in the initial case and its related appeals. However, the Homeowners moved to deny Cyfred's appellate attorney's fees, arguing that the trial court lacks jurisdiction to award appellate attorney's fees and that the Supreme Court did not award appellate attorney's fees. The trial court granted the Homeowners' motion to deny appellate attorney's fees. The trial court then reviewed the reasonableness of attorney's fees and ordered the Homeowners to pay attorney's fees and costs of $72,282.00 to Cyfred.

[4]      Shortly after, the Homeowners applied for *ex parte* relief, requesting a stay of proceedings to enforce the judgment on the attorney's fees "for one year . . . or until a final judgment has been entered in CV0425-18, whichever is earlier." Record on Appeal ("RA"), tab 165 (Appl. *Ex Parte Relief*, June 9, 2023). Superior Court Case No. CV0425-18 is a civil suit filed by Attorney Wayson Wong—counsel for the Homeowners in this case—against Cyfred. *Wong v. Cyfred, Ltd.*, CV0425-18 (V. Compl. (Apr. 30, 2018)). Wong is the sole plaintiff in that case and claims Cyfred owes him payments stemming from certain promissory notes. *Id.*

[5]      The trial court denied the Homeowners' request to stay enforcement, finding that "[n]one of the motions addressed in [GRCP] 62(b) are pending in this case, and, therefore, [GRCP] 62(b) is inapplicable." RA, tab 174 at 2 (Order Den. Appl. Relief (Stay Enforcement J.), Sept. 19, 2023).

The trial court also found that no other provisions allowing the court to grant a stay—62(d), (e), and (h)[2]—applied in this case because those provisions relate to specific circumstances which did not occur here (pending appeal, the Government of Guam or an agency thereof, or a final judgment under Rule 54(b)). *Id.* at 3.

**[6]** The Homeowners appealed, seeking review of the trial court's decision to deny their motion to stay execution of the judgment against them. The Homeowners then filed an emergency motion asking this court to stay execution of the money judgment, which we denied.

**[7]** Next, Cyfred moved this court for the attorney's fees it incurred defending against the Homeowners' emergency motion to stay as well as for the attorney's fees it incurred preparing the motion for attorney's fees. In this motion, Cyfred states it "intends to seek further Attorney's fees upon completion of this appeal on the same grounds." Mot. Reimbursement Att'y's Fees & Mem. P. & A. at 13 (Jan. 10, 2024). The Homeowners opposed the motion, their primary argument being that it was premature to award attorney's fees since the appeal was ongoing. Mem. Opp'n Mot. Reimbursement Att'y's Fees at 1 (Jan. 17, 2024).

**[8]** Following briefing, this court decided to forgo oral argument and took the matter under advisement. We also stayed our decision on attorney's fees until determination of the matter on the merits.

**[9]** After we took the matter under advisement, the Homeowners filed a Notice of Intervening Facts alleging fraud upon the court because Cyfred concealed its insolvency. Cyfred objected to this notice, stating the "allegations of fraud on the court are meritless." Appellee's Obj. Notice Intervening Facts at 3 (June 3, 2024).

---

[2] The trial court's order refers to this as Rule 60(d), (e), and (h). RA, tab 174 at 3 (Order Den. Appl. Relief (Stay Enforcement J.), Sept. 19, 2023). However, we find this reference to be a typographical error; Rule 60 does not contain a subsection (d), (e), or (h), whereas Rule 62(d), (e), and (h) are provisions related to staying proceedings. *Compare* Guam R. Civ. P. 60, *with* Guam R. Civ. P. 62.

## II. JURISDICTION

**[10]**     This court has jurisdiction over appeals from the Superior Court of Guam. 48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 118-107 (2024)); 7 GCA §§ 3107, 3108(a) (2005). We have jurisdiction over appeals of orders made after final judgment in a civil case. 7 GCA § 25102(a)-(b) (2005); *see also Castro v. G.C. Corp.*, 2012 Guam 6 ¶¶ 11-12 (applying *Zurich* test to determine appealability of post-judgment order). Additionally, we have jurisdiction over orders refusing to grant an injunction. 7 GCA § 25102(f).

## III. STANDARD OF REVIEW

**[11]**     An order in a post-judgment proceeding is generally reviewed for an abuse of discretion. *See, e.g.*, *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999). But "[t]he abuse-of-discretion rubric 'is not monolithic: within it, embedded findings of fact are reviewed for clear error, questions of law are reviewed de novo, and judgment calls are subjected to classic abuse-of-discretion review.'" *See, e.g.*, *Caribbean Mgmt. Grp., Inc. v. Erikon LLC*, 966 F.3d 35, 43 (1st Cir. 2020) (quoting *Ungar v. Palestine Liberation Org.*, 599 F.3d 79, 83 (1st Cir. 2010)). "Questions regarding the legal and equitable powers of the Superior Court are reviewed *de novo*." *Aflague v. Moylan*, 2020 Guam 18 ¶ 9.

**[12]**     "We review for an abuse of discretion the [trial] court's equitable orders. The [trial] court abuses its discretion when its equitable decision is based on an error of law or a clearly erroneous factual finding." *Abalos v. Cyfred Ltd.*, 2006 Guam 7 ¶ 14 (alterations in original) (quoting *United States v. State of Washington*, 157 F.3d 630, 64 (9th Cir. 1998)). "The legal basis for an award of attorney's fees is reviewed *de novo*." *In re Guardianship of Moylan*, 2022 Guam 10 ¶ 35.

//

//

## IV. ANALYSIS

### A. The Superior Court Has the Inherent Equitable Authority to Stay the Execution of Its Own Judgments Because It Has General Supervisory Powers over Its Process

[13]     Although GRCP 62 does not explicitly grant the Superior Court the ability to grant an equitable stay, "[a] [trial] court enjoys broad equitable powers." *Abalos*, 2006 Guam 7 ¶¶ 40-41 (second alteration in original) (finding Superior Court has "broad authority to do equity" and is "given broad discretion in fashioning" equitable remedies); *see also Fleming v. Quigley*, 2003 Guam 4 ¶ 32 ("[C]ourts have the inherent discretionary power to award attorney's fees in accordance with equitable principles in specified circumstances."). "[T]he powers of a court of equity are so broad as to adequately meet the exigencies of the case and render a decree which will justly determine the rights of the respective parties." *Abalos*, 2006 Guam 7 ¶ 42 (quoting *Lobdell v. Miller*, 250 P.2d 357, 367 (Cal. Dist. Ct. App. 1952)). These broad powers include the ability to temporarily stay execution on its own judgments when necessary to accomplish the ends of justice, to protect the rights of the parties, or for other good cause. *See, e.g.*, *Cutler Assocs., Inc. v. Merrill Tr. Co.*, 395 A.2d 453, 456 (Me. 1978) ("It is within the inherent power of the Superior Court, under its general supervisory power over its own process, to stay temporarily a proceeding before it. It may temporarily stay the execution of its judgment whenever it is necessary to accomplish the ends of judgment."); *O'Donnell v. McGann*, 529 A.2d 372, 373 (Md. 1987) ("We hold that the inherent power of trial and appellate courts to fix the terms and conditions for the stay of execution of judgments has not been circumscribed by rule or statute so as to limit the discretion of the court to modify the penalty of a supersedeas bond required for the stay of execution of a money judgment."); *Lincoln Lumber Co. v. Elston*, 511 N.W.2d 162, 167 (Neb. Ct. App. 1993) ("Of course, courts of general jurisdiction, such as the district courts, have the inherent power to do all things necessary for the administration of justice within the scope of their

jurisdiction. This includes supervisory power over their process and the power to stay temporarily execution on judgments rendered by them when necessary to accomplish the ends of justice and prevent injustice."); 33 C.J.S. *Executions* § 242 (May 2024 Update).

[14] Thus, the Superior Court has the inherent equitable authority to stay execution of its own judgments under its broad equitable powers.

**B. Although the Superior Court Has the Inherent Equitable Authority to Stay Execution of Its Judgments, the Superior Court Did Not Have Authority to Grant the Equitable Stay Requested by the Homeowners in this Case**

[15] Even though the Superior Court has broad discretion to stay execution of its judgments, it does not have unfettered discretion. *See, e.g.*, *Kemba Fin. Credit Union v. Jackson on High Condo. Ass'n*, 2022-Ohio-3247, 199 N.E.3d 19, at ¶ 42; *Matthew 2535 Props., LLC v. Denithorne*, 2024 PA Super 47, ¶ 17 ("Although courts of equity enjoy broad discretion when fashioning remedies, that discretion 'in any given case must be exercised in accordance with accepted judicial principles.'" (quoting *Di Pompeo v. Preston*, 123 A.2d 671, 674 (Pa. 1956))). The Homeowners claim they have the right to an equitable stay because of "two major facts":

> The first is the fault of Cyfred and its representatives in causing the delay in the judgment in the related CV0425-18. . . . The second is the probable use by Cyfred of its contrived bankruptcies and transfers in fraud of creditors antics to evade the payment of any money judgment against it, like the probable one for CV0425-18. Such major facts provide the bases upon which the Trial Court should have granted the stay relief requested upon the providing of the adequate security offered.

Appellants' Br. at 10-11 (Dec. 17, 2023). Because both arguments center on a separate action, CV0425-18, the Homeowners ask this court to determine whether the Superior Court's inherent equitable powers apply when a party requests a stay based on a separate, pending action. More specifically, whether the Superior Court may consider a judgment debtor's motion to stay execution of a judgment where the motion is based on a separate claim of a third party against the judgment creditor.

**[16]** The Homeowners cite two California cases, *Erlich v. Superior Court of Los Angeles County*, 407 P.2d 649 (Cal. 1965) (in bank), and *Airfloor Co. of California v. Regents of University of California*, 158 Cal. Rptr. 856 (Ct. App. 1979), that they argue support the conclusion that the Superior Court does have this inherent authority. Appellants' Br. at 17. The Homeowners are correct that California law supports this proposition, and California has even codified the judicially developed rule from *Erlich* and *Airfloor*:

> (a) The trial court may, in its discretion, stay the enforcement of a judgment or order *if the judgment debtor has another action pending on a disputed claim against the judgment creditor*.
>
> (b) In exercising its discretion under this section, the court shall consider all of the following:
>
>> (1) The likelihood of the judgment debtor prevailing in the other action.
>>
>> (2) The amount of the judgment of the judgment creditor as compared to the amount of the probable recovery of the judgment debtor in the action on the disputed claim.
>>
>> (3) The financial ability of the judgment creditor to satisfy the judgment if a judgment is rendered against the judgment creditor in the action on the disputed claim.

Cal. Civ. Proc. Code § 918.5 (West 2023) (emphasis added). "The rationale for the rule is based on equitable principles that not to stay enforcement of the judgment unfairly deprives the judgment debtor not only of the right to offset but also--with an impecunious creditor--of any right to recover at all." *Id.* cmt. (Law Revision Commission Comments) (citing 15 Cal. L. Rev. Comm. Reports 2001).

**[17]** We agree with California, and several other jurisdictions,[3] on this issue. The Superior Court's equitable powers are broad and expansive and must allow room to accomplish the ends of

---

[3] California is not the only jurisdiction to find that the trial court can grant an equitable stay of execution in these circumstances. Like California, other jurisdictions also tend to require that parties are identical and that in the court's balancing of the rights of the parties, some significant factor (like insolvency) is demonstrated. *See Palmquist*

justice, protect the rights of the parties, and allow discretion for other good cause. Thus, if the Superior Court discerns that justice and equity could be at risk where a judgment debtor has an outstanding action against the judgment creditor, it is empowered to stay the enforcement of its judgment. Still, the authorities cited by the Homeowners actually support affirming the decision of the trial court.

[18]    California has adopted guidelines for exercising the trial court's discretion that we find persuasive. The first requirement is that the judgment creditor and the judgment debtor are parties in both actions. *See Erlich*, 407 P.2d at 652; Cal. Civ. Proc. Code § 918.5(a) ("The trial court may, in its discretion, stay the enforcement of a judgment or order *if the judgment debtor has another action pending on a disputed claim against the judgment creditor*." (emphasis added)). Next, the Superior Court must weigh these factors:

> (1) The likelihood of the judgment debtor prevailing in the other action.
>
> (2) The amount of the judgment of the judgment creditor as compared to the amount of the probable recovery of the judgment debtor in the action on the disputed claim.
>
> (3) The financial ability of the judgment creditor to satisfy the judgment if a judgment is rendered against the judgment creditor in the action on the disputed claim.

*v. Palmquist*, 312 P.2d 779, 780 (Utah 1957) (finding that stay of execution of judgment was improper where debtor party asserted he had an unliquidated claim for damages in a separate case, because such a claim alone did not demonstrate a claim of irreparable injury or injustice); *Kronz v. Kronz*, 574 A.2d 91, 94 (Pa. Super. Ct. 1990) ("[A] court in which the execution proceedings are pending has an inherent power to stay the proceedings where it is necessary to protect the rights of the parties. . . . A court, in exercising this power, should not stay an execution unless the facts warrant an exercise of judicial discretion. This entails a balancing of the rights of the debtor and creditor. Thus, a stay of execution was held proper upon a showing that an immediate enforcement of the judgment would result in unnecessary hardship to the judgment debtor." (citations omitted)); *Haley v. Clinton*, 851 P.2d 1003, 1006 (Idaho Ct. App. 1993) ("Although a stay of execution in one case until the determination of another will not be granted on slight foundation, if the judgment debtor discloses to the court some reason why the judgment should not be enforced against him at the present time, or in full, and offers to establish that the allegations made by him are true upon resort to some independent proceeding, and that the proceeding by execution will impair his equities, or render the independent proceeding ineffective, or otherwise prejudice him, the court may grant a reasonable stay of execution and afford him an opportunity to establish his claim and to escape an inequitable use of the writ." (quoting 30 Am. Jur. 2d *Executions* § 701, at 837)).

*See* Cal. Civ. Proc. Code § 918.5(b). To the third factor, "insolvency of [a] party against whom the relief is sought affords sufficient ground for invoking this equitable principle." *Erlich*, 407 P.2d at 651; *see also Airfloor*, 158 Cal. Rptr. at 857 (considering Airfloor's insolvency as a factor in its analysis).

[19]     Our analysis need not go past the first requirement. The parties here and in CV0425-18 are different. Although Cyfred is a defendant in both cases, the plaintiffs have no overlap. *See Wong v. Cyfred, Ltd.*, CV0425-18 (V. Compl). Here, the plaintiffs are a group of homeowners, and their attorney is Wayson Wong. In CV0425-18, Wayson Wong himself is the sole plaintiff. *See id.* That case, as described by Wong, is his complaint against Cyfred for "a money judgment for the amount owed by Cyfred to him on a promissory note given by Cyfred to him. Pursuant to his motion for partial summary judgment against Cyfred, this Court determined that plaintiffs' counsel was entitled to $81,211.74 . . . pending decision on Cyfred's alleged fraud defense." Appellants' Br. at 5. Wong claims he will use his predicted favorable outcome in CV0425-18 to pay Cyfred's money judgment in this case, plus interest, for the Homeowners. *Id.* at 6.

[20]     Despite this apparently noble offer, the parties in the two cases are different, bringing this case outside the principles established by *Erlich*, *Airfloor*, and California Procedure Code § 918.5, and halting our own analysis. For the Superior Court to consider a motion to stay execution of judgment based on a separate pending case, the judgment debtor must have another action pending on a disputed claim against the judgment creditor. That is not the case here, and so it is outside the Superior Court's discretionary powers to grant the Homeowners' motion to stay execution.

[21]     This remains true despite the parties' continued dispute over Cyfred's insolvency. *See* Appellants' Notice Intervening Facts (Fraud Upon the Court) (May 31, 2024); Appellee's Obj. Notice Intervening Facts (Fraud Upon the Court). Cyfred's insolvency would be relevant only if

the judgment debtor had another action pending on a disputed claim against the judgment creditor. Because this is not the case, we need not consider the matter of Cyfred's insolvency.

[22]     We may affirm the decision of the trial court on any ground supported by the record. *People v. Tedtaotao*, 2023 Guam 21 ¶ 32 (quoting *People v. San Nicolas*, 2001 Guam 4 ¶ 29).  The Superior Court's conclusion that it does not have "a general equitable basis for granting a stay" was erroneous.  *See* RA, tab 174 at 2 (Order Den. Appl. Relief (Stay Enforcement J.)).  However, because we conclude the trial court's equitable power does not extend to granting a stay of execution pending the outcome of a separate case involving different parties, we affirm the Superior Court.

## C. We Grant Appellate Attorney's Fees to Cyfred but Remand for Determination of the Amount

[23]     Cyfred moved for the attorney's fees it incurred defending against the Homeowners' emergency motion to stay as well as for those it incurred in preparing the motion for attorney's fees. Mot. Reimbursement Att'y's Fees & Mem. P. & A.  In this motion, Cyfred states it "intends to seek further Attorney's fees upon completion of this appeal on the same grounds."  *Id.* at 13. On January 17, 2024, the Homeowners filed an opposition, their primary argument being that it was premature to award attorney's fees since the appeal was ongoing.  Mem. Opp'n Mot. Reimbursement Att'y's Fees at 1.

[24]     "[T]he American Rule applies in Guam."  *Fleming*, 2003 Guam 4 ¶ 35.  Under the American Rule, fee shifting of litigation expenses, including attorney's fees, is generally not allowed.  *Id.* ¶ 7.  However, there are several exceptions to the American Rule, including when a contract authorizes attorney's fees.  *Id.*  In such circumstances, fee shifting is permitted.  *Id.*

[25]     Earlier in this case's history, the trial court found that "Cyfred is entitled to attorney fees and costs" based on the promissory notes between the two parties.  RA, tab 124 at 3, 6 (Dec. &

Order Re Mot. Entry J., Jan. 30, 2020).  This litigation arose from defaulted notes, which state:

"Maker agrees to pay all costs of collection and reasonable attorney's fees incurred by the Holder

in enforcing this Note . . . upon the occurrence of any event of default . . . ."  *Id.* at 3 (quoting RA,

tab 192, Ex. A-1(a) at 2 ¶ c (Decl. Tayeko Emesiochel, June 27, 2019)).  Each mortgage included

a provision that states:

> In case of suit being commenced for foreclosure of this Mortgage or to enforce any
> rights of the Mortgagee hereunder . . . Mortgager agrees to pay Mortgagee court
> costs and reasonable attorney's fees and also such further sums, if any . . . as
> Mortgagee shall incur on realizing upon, enforcing and defending the security
> interests and rights granted to the Mortgagee hereunder.

*Id.* (quoting RA, tab 192, Ex. A-1(b) ¶ 7 (Decl. Tayeko Emesiochel)).  The trial court found:

> Cyfred did not commence this case to enforce the defaulted promissory notes and
> mortgages, but Plaintiffs sought an injunction because Cyfred began enforcing its
> notes and mortgages by foreclosing on Plaintiffs' lots.  The Court therefore finds
> the parties' contracts applicable and finds that the parties' contracts entitle the
> prevailing party to attorney fees.

*Id.*  We agree with the trial court that the fee-shifting provisions in the promissory notes apply to

this action, and we find they extend to the current appeal.

[26]    Thus, we grant the request for appellate attorney's fees.  Although we have the power to

award a specific amount of attorney's fees on appeal, we decline to do so here.  The trial court is

the more appropriate forum to determine whether the fees Cyfred has requested are reasonable and

necessary.  *See Macris v. Swavely*, 2008 Guam 18 ¶ 1.  This is especially true considering the

ongoing disputes about fraud and unclean hands.  *See* Appellants' Notice Intervening Facts (Fraud

Upon the Court); Appellee's Obj. Notice Intervening Facts (Fraud Upon the Court).

## V.  CONCLUSION

[27]    Although the Superior Court has broad discretion to stay its judgments, this discretion does

not extend to granting a stay of execution pending the outcome of a separate case with different

parties. We **AFFIRM** the Superior Court's order denying a stay of execution. Having also determined that the contractual obligations of the promissory notes apply, we **ORDER** the Homeowners to pay Cyfred reasonable attorney's fees and court costs in connection with this appeal and **REMAND** to the trial court the determination of the exact amount of reasonable and necessary appellate attorney's fees.


| /s/ | /s/ |
|---|---|
| F. PHILIP CARBULLIDO | KATHERINE A. MARAMAN |
| Associate Justice | Associate Justice |


/s/
ROBERT J. TORRES
Chief Justice